IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARKANSAS HEALTH GROUP
and WHITE COUNTY MEDICAL CENTER                    PLAINTIFFS

V.                          4:09CV00140 JMM

MICHAEL GEORGE MANOLIOS                            DEFENDANT

ORDER

Pending is the Defendant's motion to dismiss. (Docket # 9). Plaintiff has responded. For the reasons set forth herein, Defendant's motion is denied.

Defendant asks the Court to dismiss the Plaintiffs' Complaint asserting: (1) Plaintiffs' claims for fraud and conversion are barred by the doctrine of election of remedies: (2) Plaintiffs' complaint fails meet the standard for stating claims of conversion or fraud under Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure, and (3) White County Medical Center lacks standing to assert any of the alleged claims.

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3. Under the special pleading rules contained in Rule 9(b), a

complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states "with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

Plaintiff, Arkansas Health Group ("AHG"), filed suit against Manolios in Pulaski County Circuit Court on March 6, 2007 alleging breach of an Employment Agreement. That lawsuit was subsequently dismissed without prejudice. Plaintiffs, AHG and White County Medical Center ("WCMC") filed this suit on February 26, 2009 alleging causes of action for breach of contract, fraud and conversion.

Defendant argues that by filing the Pulaski County lawsuit, Plaintiff AHG irrevocably elected the remedy of damages for a breach of contract and is barred from seeking inconsistent remedies under the doctrine of election of remedies. Accordingly, Defendant argues that Plaintiffs' claims of fraud and conversion should be dismissed. The Court disagrees. The right of the Plaintiffs to state their case on alternative theories has "uniformly been upheld in the federal courts and plaintiff[s] cannot be required to elect upon which theory to proceed." *Mastec North America, Inc. v. Allegiance Communications, LLC*, 2008 WL 161348 (W.D.Ark. 2008)(holding that the claims of breach of contract and unjust enrichment cannot be disallowed merely because they are based on inconsistent theories)*citing, Breeding v. Massey*, 378 F.2d 171, 178 (8th Cir. 1967) and *Turley Martin Co. v. Gilman Paper Co.*, 905 F.2d 235, 237 (8th Cir. 1990). The essential elements of the election-of-remedies rule are: (1) both remedies were available; (2) they were inconsistent; (3) they are based on the same state of facts; (4) the same parties were involved in both suits; (5) the party against whom the rule is being raised was not mistaken as to the existence of any material facts. *Eastburn v. Galyen*, 229 Ark. 70, 313 S.W.2d 794 (1958). Here, Plaintiffs assert separate claims but seek the same remedy, damages. Although Plaintiffs

cannot recover for the same act in both contract and tort, "it is not wrong for concurrent allegations to be pursued." *Albright v. Southern Farm Bureau Life Ins. Co.*, 327 Ark. 715, 719, 940 S.W.2d 488, 490 (1997). Additionally, White County Medical Center was not a party to the Pulaski County lawsuit, thus the doctrine is not applicable to bar Plaintiffs' claims of fraud and conversion.

The Court finds that Plaintiffs pled fraud with sufficient particularity as required under Rule 9(b), *see Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639 (8th Cir. 1995), and that Plaintiffs' complaint includes sufficient factual information to provide the "grounds" on which the claims rest, and to raise the right to relief above a speculative level. Accordingly, Defendant's motion to dismiss the fraud and conversion claims is denied.

Defendant also argues that WCMC lacks standing to bring this action. Plaintiffs contend that WCMC funded the signing bonus and is the intended beneficiary of the contract between AHG and Manolios. Plaintiffs' complaint alleges that pursuant to an agreement between AHG and WCMC, AHG recruits and contracts with physicians to provide medical services at WCMC. Pursuant to the Employment Agreement at issue, Manolios agreed to provide certain health care and health related services to WCMC for two years beginning December 15, 2006. Plaintiffs contend that Manolios was paid a signing bonus of one hundred and fifty thousand dollars pursuant to the Agreement. These funds were paid by WCHC to AHG, which in turn remitted the funds to Manolios. Plaintiffs' complaint alleges that Manolois breached the Employment Agreement by failing to perform any of his duties under the Agreement and by failing to refund the signing bonus as required by the contract. The Court finds these facts sufficient to demonstrate that WCMC has a sufficient pecuniary interest in the outcome of the action and has

standing to assert a claim on its own behalf.   The Court will not dismiss any cause of action brought by WCMC at this early stage in the case.

For these reasons, Defendant's motion, docket # 9, is denied.

IT IS SO ORDERED this 15th day of May, 2009.

_____
James M. Moody
United States District Judge